UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUSTOM BYTES INC OF KY | ) | CHAPTER 11 |
| | ) | |
| Debtor | ) | CASE NO. 15-33890 |
| | ) | |

**APPLICATION TO AUTHORIZE DEBTOR
TO EMPLOY ATTORNEYS *NUNC PRO TUNC***
✶✶✶   ✶✶✶   ✶✶✶

Comes the Debtor, Custom Bytes Inc of KY ("Custom Bytes" or the "Debtor"), by proposed counsel, and pursuant to §§ 327 and 1107 of title 11 of the United States Code (the "Bankruptcy Code") hereby applies to the Court for *nunc pro tunc* authorization to employ Seiller Waterman LLC ("SW") as counsel for the debtor in possession. In support of this Application, Debtor states as follows:

1. On December 3, 2015 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Pursuant to Bankruptcy Code §§ 1107(a) and 1108, the Debtor is continuing to generate income and manage its assets as debtor in possession.

2. Custom Bytes is a Kentucky corporation with its principal office located in Louisville, Kentucky. It specializes in computer repairs and retail sales.

3. Debtor desires to employ SW as its attorneys in this bankruptcy case.

4. Section 327(a) of the Bankruptcy Code provides, in part, as follows:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

5. Furthermore, § 1107 of the Bankruptcy Code provides as follows:

(a) Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the Court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter.

(b) Notwithstanding section 327(a) of this title, a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the Debtor before the commencement of the case.

6. Debtor has selected as its attorneys the firm of SW because it believes that SW well-qualified to represent it as debtor in possession in this chapter 11 case.

7. The services of attorneys are necessary in order to enable Debtor to execute faithfully its duties as debtor in possession. Subject to the control and further order of this Court, SW will be required to render, *inter alia*, the following services to Debtor:

   a. to give legal advice with respect to Debtor's powers and duties as debtor in possession in the continued operations of its business and management of its assets;

   b. to take all necessary action to protect and preserve Debtor's estate, including the prosecution of actions on behalf of Debtor, the defense of any actions commenced against Debtor, negotiations concerning all litigation in which Debtor is involved, if any, and objecting to claims filed against Debtor's estate;

   c. to prepare on behalf of Debtor all necessary motions, answers, orders, reports and other legal papers in connection with the administration of Debtor's estate herein; and

   d. to perform any and all other legal services for Debtor in connection with this chapter 11 case and the formulation and implementation of Debtor's chapter 11 plan.

8. Debtor believes that it is necessary, and in the best interests of the estate and creditors thereof, for Debtor to be authorized to employ SW to render professional services on its behalf.

9. SW has informed Debtor that it:

   a. has no connection with Debtor, its creditors or other parties in interest in this case;

   b. does not hold or represent any interest adverse to Debtor's estate in the matters upon which the firm is to be engaged; and

   c. is a "disinterested person" as defined by section 101(14) of the Bankruptcy Code.

10. Debtor and SW have entered into an Engagement Contract, a copy of which is annexed hereto and marked **Exhibit A**.

11. In further support of this Application, an affidavit of David M. Cantor, member of SW, is submitted herewith.

12. No trustee or committee of any kind has been appointed in connection with this chapter 11 case.

13. No previous action for the relief sought herein has been made to this or any other court.

14. Debtor seeks approval of this Application, *nunc pro tunc*, as of the Petition Date.

WHEREFORE, Debtor requests entry of an Order authorizing employment of Seiller Waterman LLC to represent it in this chapter 11 case and granting such other and further relief as is just.

        Respectfully submitted,


        /s/ Martin Prielozny
        Martin Prielozny, President
        CUSTOM BYTES INC of KY


        /s/ David M. Cantor
        DAVID M. CANTOR
        KEITH J. LARSON
        SEILLER WATERMAN LLC
        Meidinger Tower – 22nd Floor
        462 S. Fourth Street
        Louisville, Kentucky 40202
        Telephone: (502) 584-7400
        Facsimile: (502) 583-2100
        E-mail: cantor@derbycitylaw.com
        E-mail: larson@derbycitylaw.com
        *Proposed Counsel for Debtor*

## **CERTIFICATE OF SERVICE**

      It is hereby certified that on December 7, 2015 a true and correct copy of the foregoing Application to Authorize Debtor to Employ Attorneys *Nunc Pro Tunc* was (a) mailed electronically through the U.S. Bankruptcy Court's ECF system to the electronic addresses as set forth in the ECF system to the U.S. Trustee and all other persons receiving electronic notifications in this case, (b) mailed, first-class, postage prepaid to the holders of the Twenty Largest Unsecured Claims and all parties listed on the mailing matrix, and (c) mailed, first-class, postage prepaid, to all other persons, if any, identified in the Court's Notice of Electronic Filing who do not receive electronic notice but are entitled to be served.


        /s/ David M. Cantor
        DAVID M. CANTOR

G:\doc\DMC\CUSTOM BYTES\Pldgs\App Employ SW.doc